Howard, J.
Clifford avenue, sixty feet in width, runs along the north side of Woodruff Place; and the authorities of the town, understanding that the south half of said avenue was within the limits of the corporation, instituted proceedings, under the Barrett law, for the improvement of seventeen and a half feet of the roadway next south of the middle line of the *517 avenue, and made assessments of benefits against the lots abutting thereon. Thereupon the appellee, as owner of lot 59, in said town, being one of said abutting lots, began this action against the appellants, namely, the town of Woodruff Place, the treasurer of the town and the contractor for the work, to quiet his title to his said lot against the lien of such assessment.
The facts were found specially by the court, and are, in substance, as follows:
(1) On October 2, 1872, James O. Woodruff and John A. Comingore were the owners of the W. one-half N. E. one-quarter section 6, T. 15, E. 4 E.; (2) On said day Woodruff and Comingore made a plat of said eighty acres, a copy of which plat, with lines, figures and words, is made a part of the finding. The description entered on the plat is as follows: “Plat of the subdivision of the W. one-half N. E. one-qnarter, 6, 15, 4 E., in lots, streets and alleys, designated as Woodruff Place. The size of the lots and width of the streets and alleys is indicated in feet and hundredths of a foot on the plat. A strip of ground two feet in width along the entire length of the east side of the said half-quarter section, and a like strip along the north side of each of the lots bordering on Clifford avenue, and a like strip along the south, side of each of the lots bordering on Michigan street, is hereby reserved for the location of the fence on the said three sides; and the said strips on the north, east and south sides, as shown on the plat, together with the streets and alleys herein indicated, are to be held as the private property of the owners of the several lots in the said Woodruff Place, collectively, and are to be perpetually held for the use and benefit of the said owners, as streets, alleys and location for fences, and not otherwise. The said streets and alleys not being dedicated to public use, but only designated as such for *518 the private use of such persons as may become owners of the several lots in this plat;” (3) The due acknowledgment and recording of the plat are shown; (4) “That at said time a highway existed along and upon the entire north line of said land thus platted, which had existed for more than twenty years prior thereto, under the name of the Pogue’s Creek G-ravel Road, and which highway still exists and is known and designated as Clifford avenue, and has been thus known for more than twenty years last past;” (5) On August 5, 1876, Woodruff Place was incorporated as a town, the boundaries of the town being coincident with the boundaries of the plat as set out in finding two; (6) “That the corporation of the city of Indianapolis lies immediately north and adjoins the said corporation of the town of Woodruff Place along its entire northern boundary, and that said Clifford avenue lies along and upon the boundary line between said two corporations;” (7) The title of appellee to lot 59, as derived through James O. Woodruff, is set out; (8). For more than twenty years the town has maintained a stone or cement fence four and one-half or five feet in height, upon the said two-foot strips along the north, east and south sides of the plat, so that appellee cannot enter upon Clifford avenue from his property except by a street in Woodruff Place, called West Drive: (9-15). The proceedings of the town authorities in providing for the improvement and making the assessments are get out, all in accordance with the statutes for the improvement of streets and alleys; appellee’s assessment being $666.14.
Upon the facts so found, the court concluded that “the law is with the plaintiff, that he is entitled .to have his title quieted, as prayed for in the complaint.” A decree was entered accordingly. The assignment of *519 errors calls in question the correctness of the conclusions of law.
No question is made as to the regularity of the proceedings before the town board, under the statutes providing for the improvement of streets and alleys. Two contentions only are made by appellee:
(1) That the part of the street to be improved is not within the corporate limits of the town; and (2) that the lot assessed for the improvement does not abut upon the street, being separated therefrom by the two-foot strip.
For appellee to succeed under his complaint, it was necessary that the facts found should establish his right to have his title quieted. As we have seen, the sufficiency of the facts found to show that the proceedings before the board were regular is not disputed. If, however, the part of the street to be improved were outside the corporate limits of the town, the regularity of the proceedings would not avail. The board could have no jurisdiction, and the assessment, together with all the other proceedings, would be void. But the board assumed that the part of the street to be improved was within the town limits, and proceeded to make the improvement accordingly. We must presume, therefore, until the contrary is shown, that their action was lawful. It cannot be presumed, as said in Cummins v. City of Seymour, 79 Ind. 491, “that the corporate officers will violate the law and perpetrate a wrong. The presumption is the reverse. Until the contrary appears the officers of a public corporation are presumed to have done their duty.”
If, therefore, it were a fact that the improved part of Clifford avenue was no part of Woodruff Place, that fact should appear in the findings. We have been unable to discover any such fact in any finding. On the *520 contrary, many facts found seem to indicate that the town limits run at least to the middle of the street.
The plat and description set out in the second finding show that the half-quarter section extends lengthwise from Michigan street to Clifford avenue. A section being a mile square, the length of {he half quarter section should be half a mile, or 2,640 feet. But, counting the width of the thirty lots from Michigan street to Clifford avenue, together with the width of the alley midway between, and also the width of each of the two-foot strips, we find less than 2,500 feet or over 140 feet less than the length of a half quarter section. This would indicate that even more than half of Clifford avenue and Michigan street must-be within the limits of Woodruff Place; and that the town authorities were quite within bounds when they assumed the middle of Clifford avenue as the north limits of the corporation. This conclusion is strengthened by a like examination of the distance, shown in feet, across the plat, from east to west, which is found to be very near what should be the width of a half quarter section.
The fourth finding shows that Clifford avenue, under that name, and under the name of Pogue’s Creek Gravel Road, has existed as a highway for over forty years, “along and upon the entire north line of said land thus platted.” And in the sixth finding it is shown that the city of Indianapolis adjoins Woodruff Place on the north, “and that said Clifford avenue lies along and upon” the boundary line between said two corporations. If the avenue “lies along and upon the north line of the town plat, and -“along and upon” the boundary line between the city and the town, it is clear that the north line of Wood-ruff Place must run along and in the avenue; otherwise the avenue could not lie “upon” such boundary *521 line. If land is described as bounded upon a highway or a stream, the middle of the highway or the thread of the stream is understood as the boundary line. Brophy v. Richeson, 137 Ind. 114. So if Indianapolis and Woodruff Place have Clifford avenue as their common boundary, the middle line of that street must be the line separating the two corporations. Each is bounded by the avenue; that is, each is bounded by the middle line of the avenue. If the boundary is in fact different from this, the findings do not show it.
As, therefore, there is no finding that the south half of Clifford avenue is not within the corporate limits of Woodruff Place; and as, on the contrary, all the facts found in relation to that issue go to show that the town plat extends to the middle' of the avenue, we must conclude that, not only has the presumption in favor of the action of the board in assuming such middle line as the north boundary of the plat not been overthrown, but that it has been abundantly sustained.
The remaining contention for quieting appellee’s title to his lot, namely, that said lot 59 does not abut upon the avenue, by reason of the intervening two-foot strip, cannot be sustained, for several reasons. Even if the two-foot strip could be considered as property which should first be assessed, yet that would be insufficient to show that the title to appellee’s lot ought to be quieted. By section 3 of the Barrett law. (section 4290, Burns’ R. S. 1894), it is provided, amongst other things, “That where such land is subdivided or platted the land lying immediately upon and adjacent to the line of the improvement and extending back fifty feet shall be primarily liable to and for the whole cost of the improvement, and, should that prove insufficient to pay such cost, then the second parcel and other parcels in their order to the rear *522 parcel of said one hundred and fifty feet shall be liable in their order.” In the City of Terre Haute v. Mack, 139 Ind. 99, this provision was interpreted to mean that, unless the first fifty feet should be owned by one person, then only the first parcel or lot of land should, in the first instance, be liable for the assessment; and that if that shop,Id not sell for sufficient to pay the assessment then the remaining parcels, back for one hundred and fifty feet, should be sold in their order. If the two-foot strip should, therefore, be liable to be assessed and sold to pay for the improvement of Gifford avenue in front of appellee’s lot, it does not follow that a sufficient sum would be realized from such sale to pay the assessment. Indeed it is clear that such two-foot strip could not be' sold for the assessment in this case, $666,14, if indeed it could be sold for any price. But the whole of appellee’s lot comes within the first one hundred and fifty feet from the street, and would be liable to be sold as the second parcel for payment of the assessment. Consequently, appellee’s title could not be quieted against the lien until the lien was first paid, either by himself or by some one owning the parcel between his lot and the street, or by the sale of such first parcel. This is not an action, as was the City of Terre Haute v. Mack, supra, where it was sought to enjoin an assessment upon the second parcel until the first should be exhausted. The title to no part of the first one hundred and fifty feet fronting on a street improvement can be quieted until the assessment is paid; although, of course, the assessment of any rear parcel may be enjoined until the front parcel or parcels are first exhausted.
In the second place, we think, it is clearly shown from finding two, that the two-foot strip “along the north side of each of the lots bordering on Clifford avenue,” is a part of each of said lots, subject to a *523 fence easement in favor of “the owners of the several lots in the said Woodruff Place, collectively.” An inspection of the plat supports this inference. Lot 59 is marked as seventy-eight feet in width, while each of the adjacent lots, back to the alley, is marked as eighty feet in width. The two-foot strip added to each of the lots on Clifford avenue and Michigan street shows that each of those lots is also eighty feet in width, subject to a fence easement of two feet off the outside of each of said lots, in favor of “the owners of the several lots in the said Woodruff Place, collectively.” The strip cannot be sold for the improvement of the roadway any more than could the sidewalk between the lot and the roadway. Appellant owns lot 59 in fee simple, subject to the fence easement in the two-foot strip, even as he owns the fee of the street to the center of Clifford avenue, subject to the right of the public to travel over the same. The only diiference is that his ownership of the two-foot strip is coupled with an eásement in favor of the owners of lots in Woodruff Place, instead of the public at large.
The court seems to have held, as shown in the opinion filed with the transcript, that the original recording of the plat of Woodruff Place was without authority of law, inasmuch as Woodruff Place was then neither a city or town nor an addition to a city or town. Taylor v. City of Fort Wayne, 47 Ind. 274; Forsythe v. City of Hammond, 142 Ind. 505, 30 L. R. A. 576. Even if this were true it does not follow that there was no dedication of the plat, lots, streets, alleys, and fence reservations. Even if the record of the plat were a nullity for many purposes, and there were otherwise no express dedication of the streets, alleys, and two-foot strips for fences, yet the public acts of the proprietors in making and using a plat, and selling lots in reference thereto, would constitute a dedication *524 as to all persons who had obtained title to lots which had been sold according to such plat and to such location of streets, alleys, and fence reservations. Rhodes v. Town of Brightwood, 145 Ind. 21.
As was said in Brophy v. Richeson, supra, “The rule is, that a survey or plat referred to in a deed becomes a part of it, as if it were written in the deed.” There was an implied, if not an express, dedication of the streets, alleys, and fence reservations. Subject to such dedication and easements, the fee is in the abutting lot owners.
From any point of view, it must be apparent that the court erred in its conclusions^ of law.
The judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to render judgment thereon in favor of the appellants.