OLER v. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 22,130. Filed February 23, 1916.]

1. CONSTITUTIONAL LAW.—*Vacation· of Streets.*—*Due Process of Law.*—*Statutes.*—*Validity.*—Neither the 14th amendment to the Federal Constitution forbidding any law depriving any person of property without due process of law, nor §21 of the Bill of Rights of the State Constitution, prohibiting the taking of property without just compensation, is infringed by §§8910-8916 Burns 1914, Acts 1907 p. 617, providing for the vacation of streets, on the theory that such statute takes from abutting owners those private rights of ingress and egress appurtenant to their lots, that no adequate notice is provided for hearing on the question of compensation, and that no provision is made for any hearing on the question of compensation as to persons having property abutting entirely on that part of a street not vacated but which is by the vacation rendered a *cul-de-sac*, since the statute makes provision for remonstrance and compensation for injury flowing to those whose

property abuts on that portion of a street sought to be vacated; and was not intended to provide for the litigation in a proceeding under it of any question affecting the private rights of owners whose property does not abut on such portion of the street, and contains no provision which seeks to take from the latter class any private property right in the street, while the remedies of the latter class for preventing a threatened invasion of the right, or compensation for a deprivation of it, exist as fully after the conclusion of the vacation proceeding as before it was begun. p. 435.

2. EMINENT DOMAIN.—*Vacation of Streets.—Abutting Owners.— Ingress and Egress.—Invasion of Right.—Remedy.*—The owner of property abutting on a street in a city or town has a private right of access in both directions which extends as far at least as the next connecting highway, which the legislature itself cannot take away and with it take away the right to compensation for the deprivation, and where such right has been taken away or infringed upon by the vacation of part of the street, an action for damages will lie. p. 438.

3. EMINENT DOMAIN.—*Vacation of Streets.—Injunction.—Remedy at Law.*—Though in some cases of invasion of the right of access injunction may be invoked as a remedy, such relief was properly denied to the owner of property abutting on the portion of a street not vacated, in a suit against a railroad company that had procured the vacation of a portion of the street for the purpose of carrying out its plan abolishing grade crossings and double tracking its road, since plaintiff had an adequate remedy at law in an action for damages and especially where it appeared that the work, which was of recognized public benefit, was well under way at the time the relief was asked. p. 440.

From Wayne Circuit Court; *James S. Engle*, Special Judge.

Action by Stella Oler against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Thomas J. Study* and *William A. Bond*, for appellant.

*John L. Rupe*, for appellee.

Cox, J.—Appellant sued to have the vacation of a part of Center Street in the town of Dublin, Wayne County, declared void as to her and to enjoin appellee perpetually from lowering the grade of its

railroad and from reconstructing and double tracking it over that part of the street vacated. No question is raised as to the sufficiency of any pleadings and they need not be further stated as, pursuant to appellant's request, the court found the facts specially and stated conclusions of law thereon and the sole error relied on arises from appellant's exceptions to the conclusions of law. The court found in material substance that Center Street was the most western of the streets of the town running north and south through it and intersected and crossed appellee's railroad at right angles. It had been a street of the town for more than thirty years. North of its railroad and abutting on the east side of Center Street appellee owned a lot on which was located its station. Adjoining appellee's station lot on the north appellant owned certain lots of land which also abutted on the east side of Center Street and as such abutting owner owned the fee to the center of Center Street. North of appellant's property Center Street was intersected by a street running east and west which gave appellant an outlet by way of Center Street to the north and to the east and west. On May 24, 1910, and long prior thereto appellee owned and operated its single track steam railroad which ran from the city of Richmond, Indiana, through the town of Dublin on to St. Louis, Missouri. On this date appellee was engaged in a general enterprise of rebuilding and double tracking its railroad. And for the purpose of enabling it to lower the grade of its tracks through the town, to abolish grade crossings and to make improvements across Center Street appellee filed its petition as an abutting owner in the Wayne Circuit Court asking for the vacation among others of Center Street from a point even with the north line of its station lot to a

point south of the south line of its right of way. Upon the filing of its petition ten days' notice to the town of Dublin and the citizens thereof was given by publication . fixing June 6, 1910, for hearing the petition. This notice set forth the substance of the matters involved in the petition and described the part of the street sought to be vacated and the purpose for which its vacation was desired; but it did not particularly set forth or designate appellant's property, or any property whatever, which might be affected by the proposed vacation. The only persons named in the petition as particularly interested in and who would be affected by the vacation asked, other than appellee, were two other abutters, except that a blue print plat or map which was made a part of the petition, showed appellee's line of railroad through the town, the streets, alleys, lots and tracts of ground (including appellant's) contiguous thereto and with reference to the parts of streets and alleys sought to be vacated; but appellant was not directly named as a person who would be particularly interested in or affected by the vacation nor was her property otherwise so specifically designated. Appellant nevertheless appeared and filed a remonstrance against the proposed vacation and asserted therein that her land immediately adjoined the part of the street asked to be vacated and that it would suffer injury and damage by the vacation which she asked to be determined and ordered paid by appellee before the vacation was ordered. This remonstrance was filed ten days after the time fixed in the notice for the hearing and was subsequently struck out and appellant thereafter filed a cross-complaint in which she claimed to be an abutting owner, immediately adjoining that part of the street sought to be vacated and that the vacation of the street and the lowering of the grade of ap-

pellee's railroad fourteen feet as contemplated at the point of crossing would destroy the ingress to and egress from her property to the south and so result in great and permanent damage to it, wherefore she asked that the vacation of the street and the destruction of it at the crossing be enjoined. This cross-complaint was likewise stricken from the files of the proceeding. Thereafter such proceedings were had that the vacation was ordered by the court as petitioned for, but over appellant's objection and without damages to her being assessed or paid. In the vacation proceedings the court did not pass upon or determine whether appellant's real estate would be injured or damaged by the vacation. After the judgment ordering the vacation and prior to the bringing of this action appellee proceeded to make a cut through the town about fourteen feet deep and 100 feet wide for the purpose of lowering the grade of its railroad and making it a double track instead of a single track road which cut extended across Center Street at the point covered by the judgment vacating it. And this cut appellee claimed the right to make without restoring the crossing of Center Street over its right of way by virtue of the vacation of that part of the street. The court finally found that appellant and her real estate would "be damaged and injured by the vacation of said portion of said street." On the facts as found the court concluded as a matter of law that the law was with the appellee and that appellant was not entitled to have appellee "enjoined from vacating or destroying said Center Street as set forth in her complaint."

Counsel for appellant press with much earnestness a claim that the statute under which the vacation proceeding was conducted is violative of

1. the provision of the 14th amendment to the Federal Constitution which forbids any state

from making or enforcing any law which shall deprive any person of property without due process of law; and that it also contravenes §21 of the Bill of Rights (Art. 1) of the Constitution of the State which provides that no man's property shall be taken by law without just compensation, nor except in the case of the State, without such compensation first assessed and tendered. These contentions are not based on any claim that the provisions of the statute in question do not grant adequate and constitutionally sound authority to surrender those rights in the street which are common to the public and to divest the public authorities of the duty which lies upon them to keep a street in safe repair, but they are based on insistence that the statute seeks also, with the vacation so far as the public rights are concerned, to take away from abutting owners those private rights of ingress and egress which are appurtenant to their lots and as much property as the lots themselves. And it is insisted that no notice and opportunity to be heard which satisfy due process of law are provided for those for whom provision is made for a hearing on the question of compensation; and that as to those situated as appellant no provision at all is made for any hearing to determine and award compensation for the invasion of her private right. Now in this case appellant is seeking to protect what she claims as an invasion by appellee, by lowering the grade of its tracks, of her private right of ingress and egree as she had previously enjoyed it to and from property abutting on a part of the street not vacated but which would be rendered a *cul-de-sac* by the closing or obstruction of that part vacated. For this reason we do not deem any question of the constitutional validity of the statute is necessarily involved unless the statute attempts to deprive appellant of such private right and at the same time

to deprive her of the right to receive compensation therefor by the law of the land. The statute in question was enacted in 1907 and it authorizes proceedings for vacation of streets in cities of a certain class and towns to be instituted and conducted in the circuit court and defines the procedure. Acts 1907 p. 617, §§8910-8916 Burns 1914. The statute has been held to be the exercise of the plenary power of the legislature to establish and vacate public highways and to delegate the power to do so to local tribunals, and that it constitutes circuit courts the possessors of the power concurrently with the common councils, town boards and, in proper cases, boards of county commissioners. *Hudson Tp.* v. *Smith* (1914), 182 Ind. 260, 106 N. E. 359. In addition to provisions in the statute for contesting the surrender of the public's rights and divesting public obligations there is provision for objection to the vacation by remonstrance by possessors of private rights on the ground that the proposed vacation will leave the real estate of the remonstrant within any such town or city without ingress or egress by means of a public way or street. And it is provided that no vacation of any street shall take place over the objection of any one person owning the property *"immediately adjoining* the part of such street   *   *   *   sought to be vacated until the damages, if any, of such objecting parties, by such vacation, be first assessed by the court and paid to the clerk thereof for their use and benefit by the petitioner or petitioners for such vacation." Construing these two provisions together it is manifest that the right of remonstrance and provision for compensation for private injury which the State grants flows only to owners whose property abuts on that part of the street sought to be vacated. It was not contemplated that the owner of the lot the nearest corner of which merely adjoined

and touched the corner of that part of the street to be vacated, but which along its entire frontage abutted on that part of the street which would be left as a *cul-de-sac*, was included in the right of remonstrance and compensation in the proceeding under the statute. Such an interpretation would exclude the owners of lots in the *cul-de-sac* other than the two cornering ones without any discoverable reason for the discrimination. It is obvious then that the statute was not intended to provide for the litigation in the proceeding under it of any question affecting the private rights of owners situated as appellant. Nor is there anything in the statute which expressly or by necessary implication, seeks to take from appellant any private property right in the street and at the same time deny her compensation therefor. And the court found that such right of appellant was not determined by the court in the vacation proceeding. So, then, any private right of ingress or egress over Center Street which was appurtenant to appellant's lots abutting on that part of Center Street in the *cul-de-sac* which would be created by the obstruction or closing of the street pursuant to the vacation, and the remedies for preventing a threatened invasion of the right or compensation for a deprivation of it existed as fully after the conclusion of the vacation proceeding as before it was begun.

The question first arising then is, what are the rights of an abutting owner of lots on the streets of a city or town in circumstances like those here presented? The question is not an open one in this State. In *Haynes* v. *Thomas* (1855) 7 Ind. 38, the General Assembly had directly, by special act, declared the vacation of a certain street; and one who had obstructed it by buildings relied on the vacation as a defence to an action for

damages by another abutting owner. The right of
the latter to recover was declared; and while the
plenary authority of the legislature, either by itself
or some subordinate agency or tribunal, to so di-
vest the common public right in a street was recog-
nized, it was held that the private right of egress and
ingress of an abutter was one which the legislature it-
self could not take away and with it take away the
right to compensation for the deprivation. The
right to recover damages was sustained. In *O'Brien*
v. *Central Iron, etc., Co.* (1902), 158 Ind. 218, 63
N. E. 302, 92 Am. St. 305, 57 L. R. A. 508, an ac-
tion for damages was brought by the owners of a
lot abutting on a part of a street which was made a
*cul-de-sac* by a permanent building erected across the
street. The action was against the authors of the
obstruction. In this case the law as declared in
*Haynes* v. *Thomas, supra,* and a long line of cases
in this State following it which are also cited, was
followed and applied to one who was an abutter on a
part of the street left a *cul-de-sac* and who suffered
special injury to his property by the obstruction.
The rule thus established and applied to one in ap-
pellant's circumstances in this State while not uni-
versally accepted is widely recognized and is de-
clared by text writers of conceded authority to be the
more commendable rule and the one better suited to
safeguard the property rights of the freeholders in ac-
cordance with our constitutional and legal system.
And many cases are cited in support of the con-
clusion. 3 McQuillin, Munic. Corp. §§1408, 1409;
2 Elliott, Roads and Sts. (3d ed.) §§1180, 1181;
1 Lewis, Eminent Domain (3d ed.) §206. In dis-
cussing the proposition that the closing of a street
which has been declared vacated invades the private
right of egress and ingress as a property right pro-
tected by constitutional provision against a taking
without compensation, the author last cited denies

the justice of the limitation of the right to compensation to abutters immediately on that part of the street vacated. He declares that "the more reasonable rule is that the owner of a lot on a street in a city or town has a private right of access in both directions which extends as far at least, as the next connecting highway." This is the rule which prevails in this State. *O'Brien* v. *Central Iron, etc., Co., supra,* and cases there cited.

Doubtless in some cases of invasion of the right of access injunction may be invoked as a remedy. But injunction is the strong and peremptory arm of the court and the trial court was entirely within its rights in withholding it in this case.

3. The thing that appellant sought to stop was a part of a work of recognized public benefit—the double tracking of a railroad and the abolition of grade crossings in the town. It appears that it was well under way at the time the relief was asked. It was moreover a work which it had statutory authority to do under certain conditions and limitations. Subd. 5, §5195, §7683 Burns 1914, Acts 1911 p. 136, Acts 1905 p. 521. Moreover, as we have seen, appellant had an entirely adequate remedy at law in an action for damages, and this fact is ample justification for the court's refusal to enjoin appellant. 3 McQuillin, Munic. Corp. §1413; 1 Lewis, Eminent Domain (3d ed.) §212; 2 Elliott, Roads and Sts. (3d ed.) §1194. The court therefore did not err in its conclusions of law. The judgment is affirmed.

NOTE.—Reported in 111 N. E. 619. As to right of municipality to condemn land for spur track to connect municipal work with railroad, see Ann. Cas. 1912 B 382. Generally, as to cutting off access to a highway as a taking or injury, see 15 L. R. A. (N. S.) 49. On injunction as proper remedy to protect right to ingress and egress over street for abutting property, see 35 L. R. A. (N. S.) 193. As to what persons are entitled to compensation for vacation of street, see 15 Ann. Cas. 687; Ann. Cas. 1913 D 790. See, also, under (1) 8 Cyc 1095, 1124, 1126; (2) 15 Cyc 665; (3) 15 Cyc 987.