KEESHIN MOTOR EXPRESS COMPANY, INC. *v.* SOWERS.

[No. 27,855.   Filed May 11, 1943.]

*Eggeman, Reed & Cleland* and *James P. Murphy,* all of Fort Wayne, for appellant:

*Arthur W. Parry* and *Merl A. Barns,* both of Fort Wayne, for appellee.

SWAIM, J.—This action arose out of a collision between a truck operated by the appellant and another truck being driven by Arthur D. Sowers, appellee's decedent. In the collision the drivers of both trucks were killed. The collision was observed by Lawrence Cole, the driver of a third truck. Cole testified that he was driving his truck east on U. S. highway 6 near Nappanee, Indiana, about 3:30 o'clock a. m., at the beginning of an "S" curve, where the State Highway

Commission had designated that portion of the highway as a "no passing zone" by painting a yellow line along the right side of the center line thereof; that he was driving his truck about thirty-two miles an hour at this point when the truck belonging to the appellant crossed the yellow line onto the left-hand side of the road and passed him; that at that time the witness saw the lights of the truck being driven by the appellee's decedent approaching from the east; that as the two trucks which collided approached each other said decedent first tried to drive his truck off of the concrete slab to his right but could not do so because of a barricade along the north side of the highway at that point, about two feet from the edge of the pavement; that there was not then room between the left side of the appellant's truck and the barricade along the north side of the road for the decedent's truck to pass on the north side of the appellant's truck; that both decedent and appellant's driver then swung their trucks back toward the center of the road and they collided approximately in the middle of the road, but while both were still on the north side of the center line; that when the collision occurred the witness had stopped his truck and was watching.

The only error assigned by the appellant is the overruling of its motion for a new trial.

The first proposition advanced by appellant is that the verdict was not sustained by sufficient evidence in that it was not shown that the negligence of the driver of the appellant's truck was the proximate cause. The testimony of Cole was sufficient to sustain the verdict and there was other evidence corroborating part of his testimony.

The next proposition advanced by the appellant is that the trial court should have granted the motion of

the appellant to withdraw the cause from the jury on account of the misconduct of counsel for the appellee in making a certain remark during the course of the trial concerning the question of insurance. Counsel for the appellant, in cross-examining a surveyor who had made a plat of the highway at the scene of the accident, asked the witness who had requested him to go to the scene of the accident and make the measurements for the plat. He answered that it was for Lincoln Dixon who represented an insurance company, the name of which the witness did not know. He then testified that he did not make the plat for the appellant's attorneys. He was then asked if he had seen the plats from the time he delivered them over to Dixon until he saw them in the courtroom. At this point in the cross-examination counsel for the appellee objected to the line of questioning being pursued and the subject-matter which counsel for appellant was seeking to bring up contending that it was unfair and prejudicial to his cause of action and then stated, "I am representing Mrs. Sowers and whether these were made for Mr. Cleland's insurance company or who, wouldn't have anything to do with this case." At this point counsel for the appellant moved that "this cause be removed from the jury and the jury be discharged, because of the misconduct of counsel in injecting the element of insurance in this case." Counsel for appellant had caused the witness to answer that he did the work for a representative of an insurance company. The evidence fails to disclose what kind of an insurance company it was or whether, if it was an automobile insurance company, it was the one carrying the insurance on the appellant's truck or on the truck being driven by the decedent. The statement made by counsel for appellee did not state that the insurance company

in question was carrying the risk on the appellant's truck. Counsel for appellant made no motion to have the court instruct the jury that they should disregard the statement. The court did not err in refusing to set aside the submission and to discharge the jury because of this statement. *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. (2d) 90; *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 119 N. E. 716.

Appellant objected to the giving of certain instructions tendered by the appellee. Instruction No. 3 tendered by the appellee and given by the court told the jury that the gist of the cause of action alleged in the complaint was negligence on the part of the appellant which directly and proximately brought about the collision which resulted in the death of the appellee's decedent; that "it is the law that if a person, through his negligence, directly and proximately causes injury to another, the injured person may recover damages to compensate him for the injuries so received because of such negligence, if he himself was free from fault in connection therewith." This instruction was apparently given in explanation of instruction No. 2 which had told the jury that the appellee would be entitled to recover from the appellant if under the circumstances proved by the evidence the appellee's decedent would have been entitled to recover if he had lived. Appellant's only objection made to the trial court to this instruction was that it was misleading in that the elements of contributory negligence were inaccurately defined; that the appellee was not entitled to recover if the decedent was guilty of contributory negligence; and that the instruction in effect told the jury that the appellee could recover if she was free from negligence which contributed to the injury. In view of the preceding instruction, in explanation of

which this instruction was given, we do not believe the jury could possibly have so misinterpreted this instruction.

The appellant also objects to the giving of each of the appellee's instructions numbered 5, 7 and 9. The objections now urged by appellant and set forth in its brief were not made to the trial court prior to the argument. Rule 1-7 of the Rules of the Supreme Court, 1940 Revision, expressly provides that where objections to the giving of instructions are not so made to the trial court they shall not be available on appeal. Counsel for appellant insist that they made a good-faith effort to comply with this rule and that, therefore, the objections which they now make should be considered. The purpose of the rule is to point out errors in the instructions to the trial court so that they may be corrected and avoid the necessity of another trial. Objections made to the trial court which do not mention the point on which the appellant later relies, or which are so general as not to point out any particular objection, cannot be considered sufficient to accomplish the purpose of the rule.

Appellant's tendered Instruction No. 5, which said that it was as much the duty of the appellee's decedent to avoid the accident as it was the appellant's to do so was refused by the court. The only proper inference which the jury could have drawn from this instruction was that it was also the duty of the appellee's decedent to use due care, and that his failure to do so would preclude a recovery by the appellee. The jury was told this in several instructions given.

By its tendered Instruction No. 11 the appellant asked the court to instruct the jury that if the decedent

drove his truck in a weaving manner and drove it across the center line of the highway just prior to the accident and that this contributed to the accident, the jury should find for the appellant. This was a mandatory instruction and was bad because such driving would not have been negligent if a person of ordinary prudence, under the same circumstances, would have driven in a similar manner in attempting to avoid a collision with another truck being driven on the wrong side of the road.

Appellant's refused Instruction No. 17 would have told the jury that in determining whether or not the appellant operated its truck in such manner that the accident was caused by its negligence, it was not permissible to view the accident from a retrospective point of view but that the negligence of the appellant must be determined in the light of the facts and circumstances existing at the time of the accident. The jury was fully instructed on what constituted negligence by the appellant and the giving of this instruction would have been more apt to confuse than to enlighten the jury.

Appellant's refused instructions numbered 18 and 26 were further instructions on contributory negligence, a subject which was fully covered by appellant's given instructions numbered 4, 8, 9, 13 and 21 and by the court's instructions numbered 8 and 10. There was, therefore, no error in refusing these two instructions.

The appellant's tendered Instruction No. 25 was on the duty to use due care by the appellant and would have told the jury that if it was found that the appellant drove its truck at the time of the accident as a reasonably careful and prudent person would have driven it under the same or like circumstances there

could be no recovery by appellee. The subject of this instruction was also fully covered by other instructions given.

An examination of all instructions given and refused shows that the jury was fairly and fully instructed.

Finding no reversible error the judgment of the trial court is affirmed.

NOTE.—Reported in 48 N. E. (2d) 459.