ADKINS *v.* POPARAD.

[No. 27,919. Filed November 30, 1943.]

*J. Burdette Little,* of Indianapolis, and *Claude R. Henry,* of Shelbyville, for appellant.

*Garth B. Melson, Joseph O. Hoffman,* and *French M. Elrod,* all of Indianapolis, for appellee.

RICHMAN, J.—Appellant sued for damages for personal injuries alleged to have been caused by the negligence of appellee. A jury found for appellee. Motion for new trial was overruled and error is assigned on the ruling. No errors are specified except upon the giving or refusal of instructions.

Appellant complains of the giving of appellee's instruction 4 and refusal to give her instructions 10, 15, 16 and 20. These all dealt with the measure of damages. Since by the verdict the jury determined against appellant the main issues, i. e. negligence and freedom from contributory negligence, any error in instructing on the measure of damages must be treated as harmless. 5 C. J. S. *Appeal and Error* § 1773 n. 74, citing many cases including *State ex rel. Fenstermacher* v. *McNelis* (1920); 72 Ind. App. 231, 242, 122 N. E. 690, 694; *Roll* v. *Dockery* (1929), 219 Ala. 374, 122 So. 630, 65 A. L. R. 1473, 1475; *Gardner* v. *Turk* (1938), 343 Mo. 899, 909, 123 S. W. (2d) 158. The same principle applies to alleged error in giving appellee's instruction 9 which discussed the method of testing the weight of expert testimony of medical witnesses all of which evidence, so far as the record discloses, was directed to her disability and had

nothing to do with the main issues. Appellant's only criticism of appellee's instruction 7 was not brought to the attention of the trial judge as required by Rule 1-7, 1940 Revision, and therefore may not be considered. *Keeshin Motor Express Co.* v. *Sowers* (1943), 221 Ind. 440, 48 N. E. (2d) 459, 461. The subject-matter of instruction 18 tendered by appellant and refused was covered by her instructions 12 and 14 and the court's instructions 28 and 29 all of which were given.

Finally appellant complains of the instructions given "as a whole," because they did not fairly and correctly state the law of the case. No such objection was made in appellant's attempted compliance with Rule 1-7.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 476.