CITY OF CANNELTON *v.* LEWIS ET AL.

[No. 18,276. Filed May 6, 1953.]

474

*D. C. Goble,* of Cannelton, (*L. N. Savage,* of Rockport, and *L. A. Savage,* of Jasper, of counsel.), for appellant.

*Ralph P. Zoercher, Volmar A. Franz,* and *Zoercher & Franz,* all of Tell City, and *Paul F. Mason,* of Rockport, for appellees.

## ON WRIT OF CERTIORARI

PER CURIAM.—The appellees herein have asked for a writ of certiorari for an order directing the Clerk of the Spencer Circuit Court to certify to this court certain corrections in the bill of exceptions contained in

the transcript as set forth in the petition for writ of certiorari.

The proper manner in which the corrections requested in such petition may be made is upon a proper application for a nunc pro tunc record to the trial court, in order that the transcript may speak the truth.

Upon a proper application to the trial court, a petition should be filed here asking that the transcript be returned to the trial court for use at the hearing on such application, and if the application is granted the court amends the bill of exceptions contained in the transcript to speak the truth by a nunc pro tunc order. The corrected transcript may then be brought here by a writ of certiorari and thereupon it supersedes the erroneous record. *Community State Bank of Royal Center* v. *Durbin* (1950), 121 Ind. App. 256, 95 N. E. 2d 311; *Slinkard* v. *Wilson, et al.* (1952), Ind. App. —, 105 N. E. 2d 342.

Petition for writ of certiorari denied.

NOTE.—Reported in 105 N. E. 2d 911.

## ON THE MERITS

BOWEN, J.—This is an appeal from a judgment for appellees in an action brought by them for alleged property damage sustained as a result of the construction of a flood wall along and over Front Street in the City of Cannelton, Indiana, which was adjacent to the property of the appellees which was alleged to have been injured. The cause was tried by a jury and damages awarded to appellees. Errors assigned for reversal, numbered 2 to 7 inclusive, are based upon the contention that the court erred in giving instructions tendered by the appellees and numbered 1, 2, 4, 6, 7 and 8. Assigned error numbered 8 is based upon the claim that the court

erred in refusing to give appellant's instruction number 5 over the objection of the appellees. The judge's certificate to the bill of exceptions is as follows:

"Comes now the City of Cannelton, Indiana, defendant in the above entitled cause, by its attorneys, D. C. Goble, L. N. Savage and L. A. Savage, and presents to the Honorable Waldo Hendrickson, Special Judge of the Spencer Circuit Court of the State of Indiana, the defendant's Bill of Exceptions containing a full, true and complete transcript of all orders and entries made in this cause and full, true and complete copies of the originals of all pleadings and papers filed therein and a full, true and complete transcript of all the evidence heard in said cause, but that the objection now noted at the end of Instruction Number 5 tendered by the defendant was neither made nor presented to the court prior to the beginning of argument of counsel nor prior to the submission of the cause to the jury for its verdict; and that the objections now noted at the end of Instructions Number 1, 2, 4, 6, 7 and 8 tendered by the plaintiffs were neither presented nor made to the court prior to the argument of counsel nor prior to the submission of the cause to the jury for its verdict.

"And now the Honorable Waldo Hendrickson, Special Judge of the Spencer Circuit Court, having examined said Bill of Exceptions, approves the same and the Clerk of the Spencer Circuit Court is ordered and directed to file said Bill of Exceptions and the same is hereby made a part of the record in this cause on this, the 17th day of January, 1952."

　　　　　"s/ Waldo Hendrickson
　　　　　WALDO HENDRICKSON, SPECIAL
　　　　　JUDGE OF THE
　　　　　SPENCER CIRCUIT COURT"

The trial judge has certified that the objections shown in this appeal were not presented to the trial court prior to the beginning of the argument nor prior to the submission of the cause to the jury. The appellant,

in its reply brief, seeks to avoid the effect of this certificate of the trial judge by referring to the fact that the record entry on April 18, 1951, showed that objections were made to the action of the court in the giving and refusing to give instructions. These objections, or the substance thereof, are not set out in the portion of the record cited in appellant's brief.

While it is true that where there is a conflict between a part of the record and the bill of exceptions, the record proper will control. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369. In the instant case, we do not have a showing on behalf of the appellant which permits us to invoke the foregoing rule as to the action of the court below in connection with the certificate attached to the bill of exceptions. The appellants have not made a showing of variance, since the judge's certificate in settling the bill of exceptions refers to the objections *now noted*. In the record showing as to objections made at the trial, neither the context of the objections nor the substance thereof, are shown in appellant's brief, and the judge's action in settling the bill of exceptions certified that the objections contained in such bill of exceptions were not presented in the court below.

It is well settled in this state that an objection not specifically raised to an instruction in the trial court is waived and is not available on appeal. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106; *Keeshin Motor Express* v. *Sowers* (1943), 221 Ind. 440, 48 N. E. 2d 459; *Adkins* v. *Poparad* (1943), 222 Ind. 16, 51 N. E. 2d 476; *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10.

Therefore, as to appellant's assigned errors numbered 2 to 8 inclusive, no question is presented for the consideration of this court.

Appellant's assigned error numbered 1 is that the court erred in overruling appellant's motion for a new trial. Grounds for the motion for a new trial which are not waived are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

In the main, appellant's 9 pages of argument and authorities in a brief consisting of 159 pages, consists of general propositions of law which are not applied to the questions raised in this appeal. However, appellant insists that there has been a failure of proof to support the decision of the lower court and the judgment rendered on the jury's verdict. The appellant contends that there was not sufficient evidence from which a jury could have found that Front Street was dedicated as a public street, and that the evidence fails to show that the appellees as owners of land abutting thereon have a vested interest in such street. As to the first contention, the parties in this cause stipulated in stipulation numbered 4: "That Front Street is now and for many years has been a public street in the City of Cannelton, Indiana, and runs in a general north and south direction." In addition, a plat of the city of Cannelton was introduced into evidence, without objection, designating Front Street as a public highway seventy feet in width. This was sufficient to establish dedication. The making of a plat of a town upon which streets and alleys are noted as such, and the recording of such plat and the sale of real estate as designated thereon, operates as an irrevocable dedication to the public of the streets and alleys noted on the plat. *Steele* v. *Fowler* (1942), 111 Ind. App. 364, 41 N. E. 2d 678; *Town of Woodruff Place* v. *Raschig* (1897), 147 Ind. 517, 46 N. E. 990; *Wolfe* v. *The Town of Sullivan* (1893), 133 Ind. 331; 32 N. E. 1017; *Hall* v. *Breyfogle* (1904), 162 Ind. 494, 70 N. E. 883.

Also, there is evidence in the record showing that Front Street was used as a public highway for more than fifty years, and that the same had been maintained by the city of Cannelton. Acceptance of a dedication may be by public user. *Green* v. *Elliot* (1882), 86 Ind. 53; *City of Hammond* v. *Maher* (1903), 30 Ind. App. 286, 65 N. E. 1055.

Twenty years use of land as a street constitutes a dedication of the street to the public without regard to the intention of the owner of the lands. *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 26 N. E. 676; *Pittsburgh, etc., R. W. Co.* v. *The Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741; *Schultz* v. *Keel* (1952), 122 Ind. App. 471, 106 N. E. 2d 254.

As to appellant's second proposition as to the lack of a vested interest in appellees in such street, in *Indiana, etc., R. R. Co.* v. *Eberle*, (1886), 110 Ind. 542, 11 N. E. 467, the court stated:

"Whatever may be the rule of decision elsewhere, nothing is better settled in this State, than that the owners of lots abutting on a street may have a peculiar and distinct interest in the easement in the street in front of their lots. This interest includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ordinary means of ingress to and egress from the lots. It is distinguished from the interest of the general public, in that it becomes a right appendant, and legally adhering to the contiguous grounds and the improvements thereon as the owner may have adapted them to the street. To the extent that the street is a necessary and convenient means of access to the lot, it is as much a valuable property right as the lot itself. It cannot, therefore, be perverted from the uses to which it was originally dedicated, nor devoted to uses inconsistent with street purposes, without the abutting

lot-owner's consent, until due compensation be first made according to law for any injury and damage which may directly result from such interference; nor can the street be invaded so as to inflict special and peculiar damage or injury upon the adjacent lot-owner's property, without rendering the wrongdoer liable for such damage."

See also *Haynes and Another* v. *Thomas* (1855), 7 Ind. 38; *Oler* v. *Pittsburgh, etc., R. Co.* (1916), 184 Ind. 431, 111 N. E. 619; *School Town of Andrews* v. *Heiney* (1912), 178 Ind. 1, 98 N. E. 628.

From the authorities and the record in this case the appellees had a vested interest in Front Street which could not have been taken away, as was attempted in the instant case by the construction of the flood wall in question, without just compensation.

Other specifications in appellants' assignment of errors question the sufficiency of the evidence to support the allegation that the City of Cannelton constructed the flood wall in question. In this connection, the parties stipulated that the defendant, City of Cannelton, Indiana, authorized the construction of the flood wall described in plaintiffs' complaint.

Another stipulation contained the following words: "That immediately in front of the plaintiffs' residence said flood wall is to the west of the center line of said Front Street." Indiana follows the general line of authority that stipulations should receive a fair and liberal construction and that they must be interpreted in the light of the whole record, including the allegations of the pleadings, and are entered into to facilitate the trial of the cause, and that all reasonable intendments of stipulations shall be construed in favor of the parties in whose favor they are made. *Pittman-Rice Coal Co.* v. *Hansen* (1947), 117 Ind. App. 508, 72

N. E. 2d 364; *Still* v. *Equitable Life Assur. Soc.* (1932), 165 Tenn. 224, 54 S. W. 2d 947.

There are references in the testimony, when added to the stipulations, that are sufficient to justify the decision as to the construction of the flood wall. Elmer Gilbert, a witness, testified that he was a member of the City Council of Cannelton at the time they built this flood wall. The witness, Floyd Sims, was asked the following question by attorneys for appellees and answered the same without objection on the part of appellant as follows: Q. "Were you living there when the City of Cannelton constructed the flood wall on Front Street?" A. "Yes, Sir."

From the record it clearly appears that the flood wall was constructed on Front Street in the City of Cannelton, and that the appellant authorized that construction.

The appellant further complains that the evidence upon the issue formed fully sustains the allegations of the appellant's third paragraph of answer and that no evidence was offered by the appellees in refutation of the facts alleged in appellant's third paragraph of answer. The appellant has not set forth the contents of this third paragraph of answer in its brief, and therefore no question is presented as to this specification of error. In addition, and in connection with the arguments of former adjudication set forth in support of such specification, we wish to point out that the parties stipulated as follows: "5. That the City of Cannelton did not and has not vacated Front Street by any legal proceedings, and did not condemn the same by legal proceedings for the use of the flood wall.".

We have examined the other specifications of error assigned by appellant and it appears to this court that the decision and judgment rendered upon the verdict

of the jury is sustained by sufficient evidence and is not contrary to law. We feel that a fair trial was had in the court below and a just result reached under the law and the evidence.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 899.