STATE EX REL. OPPENHEIMER ET AL. *v.* SUPERIOR COURT OF LAPORTE COUNTY ETC.

[No. 19,530. Filed November 7, 1960.]

*Wilbur A. Royse,* of Indianapolis, *Robert H. Moore,* of Valparaiso, and *Barbara Rondinelli,* of Gary, for relators.

*James J. McGarvey* and *Phillip M. Cagen,* both of Valparaiso, for respondent.

BIERLY, C. J.—This is an original action filed in this court by the State of Indiana on the relation of Gustav Oppenheimer and Oppenheimers Bros., Inc., Relators, against the Superior Court of LaPorte County, sitting at Michigan City, and Honorable Norman H. Sallwasser as Judge of said Superior Court, praying that an alternative writ of mandate should issue from this court commanding the Honorable Norman H. Sallwasser, Respondent, to expunge from the records in said Superior Court in Cause No. 23,181, the entry overruling the objections of these Relators to the filing by the plaintiff, Belle (Helen) Craft, of the motion to correct the record in the Superior Court of LaPorte County and to sustain the objections of these Relators, who were the defendants in the trial court, to the filing of said motion by the plaintiff, appellee herein, or to show cause on and before a date to be fixed by the court why this writ should not be made permanent.

Proper proofs of service of notice were filed in each instance.

In the aforesaid Cause No. 23,181 in the Superior Court of LaPorte County, sitting at Michigan City, Indiana, Belle Craft brought an action against Gustav Oppenheimer and Oppenheimers Bros., Inc., and upon judgment being rendered in favor of the plaintiff, the defendants brought an appeal into this court as appellants against Belle Craft, appellee, and which cause was assigned No. 19,430 in this Court. Subsequent to the

filing of the appellants' transcript and assignments of error in this Court in said Cause No. 19,430, certain actions to correct the record taken by the trial court in said Cause No. 23,181 culminated in this original action by the Relators.

This Court has set forth specific requirements to be met by way of procedure to correct the record by the trial court subsequent to the time that an appeal had been taken. *City of Cannelton* v. *Lewis* (1953), 123 Ind. App. at page 475, 105 N. E. 2d 911; *Slinkard* v. *Babb, Wilson* (1952), 125 Ind. App. at page 78, 105 N. E. 2d 342, 112 N. E. 2d 876, 117 N. E. 2d 564. Due to our finding, as hereinafter stated, we need not discuss further matters relating to the procedure to be followed in seeking to correct a record by the trial court in a cause of action where a transcript and assignments of error have been submitted to this Court.

The alternative writ of mandate, in the case at bar, sought by the Relators, was issued by this Court on August 17, 1960, and Respondent was ordered to file his return why this writ should not be made permanent on or before September 15, 1960.

Respondent filed his verified return and brief on August 29, 1960, challenging the writ of mandate as a proper remedy by way of procedure and that should Relators be entitled to any relief it must be sought by way of appeal as part of the original appeal, but not by an original action.

It appears that the Respondent in his return on the alternative writ issued failed to challenge the Relators' interpretation of Rule 1-15, which was to the effect that if counter affidavits on a motion for a new trial were not filed within the time prescribed by the rules, the trial court subsequently had no jurisdiction to hear oral evidence after the date within which the counter

affidavits were required to be filed. Rule 1-15 is as follows:

"Rule 1-15. Affidavits on Motion for New Trial —Notice—Counter Affidavits. When a motion for new trial is supported by affidavits, notice of the filing thereof shall be served upon the opposing party, or his attorneys of record, within ten days after the filing thereof, and the opposing party shall have twenty days after such service to file counter affidavits; reply affidavits may be filed within ten days after filing of counter affidavits, which periods may be extended within the discretion of the court for good cause shown. Such affidavits shall be considered as evidence without the introduction thereof on the hearing on the motion, and shall be a part of the record without a bill of exceptions. If, besides the affidavits, additional evidence is received, the trial court shall cause the court reporter to record all such evidence, and when so transcribed, the same shall be submitted to the judge, who shall certify that it is a true and complete transcript of such evidence, and the same shall be filed with the court and be a part of the record on appeal without being incorporated into any bill of exceptions. Adopted September 25, 1953. Effective in cases filed after January 1, 1954."

Since Respondent failed to answer Relators' challenge that Rule 1-15 precluded a consideration by the trial court of a motion to hear oral evidence, unless said motion was filed within the time prescribed for filing counter affidavits, we shall nevertheless proceed to consider the challenge of Relators' denial of the jurisdiction of the trial court to hear oral evidence on said motion offered.

It devolves upon us to construe said Rule 1-15, heretofore quoted, in reference to entertaining a motion to hear oral evidence by the trial court in said Cause No. 23,181 in the Superior Court of LaPorte County, Indiana.

It seems inconceivable to us that even with the broadest interpretation of Rule 1-15, that it authorizes a motion to hear oral evidence when the time has elapsed to file counter affidavits against a motion for a new trial. Counter affidavits filed in said Cause No. 23,181 were stricken due to delinquent or late filing. Should appellee-plaintiff have been permitted to file a motion to hear oral evidence 22 days subsequent to the time for filing counter affidavits, as in this case, what would prevent a late filing of 60 days or 120 days? The rule governing a motion for a new trial has for its purpose the speedy expedition of the appeal.

Here it appears to us that the failure by the appellee-plaintiff to file a motion to hear oral evidence within the time to file counter affidavits precludes any further pleadings by the plaintiff-appellee in reference to the motion for a new trial.

Since the trial court sustained the motion of appellee-plaintiff, subsequent to the time of filing the counter affidavits to hear oral evidence over objections, and it did permit such oral evidence to be heard, such oral evidence would not be considered on appeal, and so its admission would have no significance in the determination of the cause on appeal.

We, likewise, feel it an impelling duty of this court to consider the expenses necessary that would be incurred by the litigants in bringing this oral evidence up as a part of the appeal. By this court deciding the inadmissibility of such oral evidence by the trial court, such expenses would be avoided the litigants.

We are of the opinion that the alternative writ of mandate, heretofore issued, should be made permanent.

IT IS THEREFORE ORDERED that the alternative writ of mandate now be made permanent.

NOTE.—Reported in 170 N. E. 2d 61.