## THE CITY OF HAMMOND v. MAHER.

[No. 4,266. Filed January 13, 1903.]

MUNICIPAL CORPORATIONS.—*Streets.*—*Acceptance.*—*Personal Injuries.*— Evidence in an action against a city for damages caused by the alleged negligent failure of defendant to keep one of its streets in repair, that the owners of the land graded the street in question, built a sidewalk, had telegraph poles strung along it, and that the public used it extensively as a street for two or three years before the injury occurred, is sufficient to show an implied acceptance of the street by the city, although no formal acceptance thereof was shown.

From Laporte Superior Court; *H. B. Tuthill*, Judge.

Action by Bridget Maher against the city of Hammond. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Lawrence Becker, J. O. Bowers* and *N. L. Agnew*, for appellant.

*A. F. Knotts*, for appellee.

City of Hammond v. Maher.

HENLEY, J.—Action by appellee against appellant for damages caused by the alleged negligent failure of appellant to keep one of its streets in repair. The cause was tried by a jury and a verdict returned in favor of appellee, upon which judgment was rendered by the court.

Counsel for appellant discuss but one question on appeal to this court. It is contended that the verdict and judgment were not sustained by the evidence, in this: that there is no evidence tending to prove that the place where plaintiff was injured was one of appellant's streets. In addition to the general verdict, which necessarily found that the appellee was injured on one of appellant's streets, the jury answered a question propounded to it by counsel for appellant that the place became a street by dedication of the owners of the land, and that the same was accepted as a street by the appellant. We think there is a large amount of evidence tending to prove that the jury was correct in this answer to the interrogatory, and that the general verdict upon this point was right. There was evidence that the owners of the land graded the street, built a sidewalk, had telegraph poles strung along it, and that the public used it extensively as a street for two or three years before the injury occurred, and that there was at the time of and before the injury a hotel being built and constructed which fronted upon this street. The evidence does not show that appellant had formally accepted it, or that it had ever caused it to be worked as a street, but, under the authorities, this is not necessary. Later cases are all to the effect that user by the public will amount to an implied acceptance, and cast the burden of maintaining the highway upon the local government, and that the acceptance of the dedication will be implied from the general use by the public as of right. Elliott, Roads & Sts. (2d ed.), §154, and cases cited. In Summers v. State, 51 Ind. 201, 204, the Supreme Court said: "The instruction asked by appellant was properly refused. It proceeded solely upon the theory

that the road in question could not have been dedicated to the public by the owner of the land, unless it had been established by legal proceedings or had been adopted and worked by public authority. This would entirely overturn the whole doctrine of dedication by user with the knowledge and without objection on the part of the owner of the land. In determining whether there had been an acceptance of the road by the public, it would be proper to inquire whether it had been worked by public authority; but the fact that it had not been adopted and worked by the supervisor would not defeat the dedication. The fact that the road has been used for a considerable period of time by the public, with the knowledge and consent of the owner of the land, raises the presumption that the owner intended to dedicate it to the public; and the continued use of it by the public for a considerable length of time is sufficient evidence of acceptance on the part of the public." See, also, *Ross* v. *Thompson,* 78 Ind. 90; *Green* v. *Elliott,* 86 Ind. 53; *Green* v. *Town of Canaan,* 29 Conn. 157; *Boyer* v. *State,* 16 Ind. 451; *Price* v. *Town of Breckenridge,* 92 Mo. 378, 5 S. W. 20; *Bissell* v. *New York Cent. R. Co.,* 26 Barb. 630; *Buchanan* v. *Curtis,* 25 Wis. 99, 3 Am. Rep. 23; *State* v. *Birmingham,* 74 Iowa 407, 38 N. W. 121; *Crump* v. *Mims,* 64 N. C. 767.

The cases cited are all squarely to the point that it is not necessary to the validity of a dedication that the user by the public should be for any particular length of time, and that lapse of time is not essential to establish a highway by dedication, as it is by prescription, it being necessary only to show the dedication by the owner and acceptance by the public.

We think the evidence clearly shows that the place where appellee received her injury was one of appellant's streets. Judgment affirmed.