**Raymond P. GOTSHALL and Betty J. Gotshall, Appellants–Plaintiffs,**

v.

**CASS COUNTY, Indiana, Appellee–Defendant.**

**No. 09A02–9201–CV–6.**

Court of Appeals of Indiana, Third District.

June 10, 1992.

Transfer Denied Sept. 2, 1992.

Robert Leirer Justice, Logansport, for appellants-plaintiffs.

John R. Hillis, Hillis, Hillis & Burns, Logansport, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Raymond and Betty Gotshall appeal the trial court's judgment in favor of Cass County, Indiana.

One issue is raised for review: whether Cass County is obligated to maintain Murphy Road, which is located in Cass County.

In October 1990, plaintiffs (Gotshalls) filed an amended complaint for declaratory judgment. The Gotshalls requested the trial court to declare whether Murphy Road was a private or public road and if it was a public road, to declare that Cass County had a duty to maintain it. It was not disputed that the Gotshalls had standing to bring this action and that Murphy Road was located in Cass County, outside the city limits of Logansport.

On July 26, 1990, the trial court entered its order finding that, while Murphy Road was platted as a private road, its use as a public road over the last 100 years rendered it a public road. However, the trial court held that the designation of Murphy Road as a public road did not mean that Cass County was obligated "to construct and maintain an improved roadway on Murphy Road."

The Gotshalls filed a motion to correct error. The trial court affirmed its decision stating that plaintiffs had conceded that Cass County had no duty to "construct and maintain an improved roadway on Murphy Road."

■ To begin with, both the trial court's order and Cass County (County) on appeal state that the Gotshalls failed to follow the petition procedure mandated by statute. Neither the trial court nor the County provided citation to these statutes. Even a repealed statute cited by the County does not obligate a party to petition for maintenance of a county road. IND.CODE § 8–17–1–4 (repealed by P.L.113–1989, sec. 11). Upon review of the statutes pertaining to county highways, this Court can find no statutes requiring the Gotshalls to file a petition with the County requesting it to maintain its own road. In fact, case law directs that an opposite conclusion must be reached.

■ No one questions that there was an implied dedication of the easement, Murphy Road, to the public. *See 2 Thompson on Real Property* § 370 (1980 Replacement).

The trial court found that there was an implied acceptance of this dedication by the public's use of the road for 100 years. *See 2 Thompson on Real Estate* § 372 (1980 Replacement).

The County argues that the acceptance had to be a formal acceptance by the County. This is not true. The Court in *Smolek v. Bd. of Co. Comm'rs* (1979), 179 Ind.App. 603, 386 N.E.2d 997, followed the implied acceptance theory when it held that a public highway could be established by use of the public for a period of twenty years.[1] However, the decision in *Smolek* did not address the duty of the county to maintain the public highway once it was accepted.

■ This issue was addressed in *City of Hammond v. Maher* (1903), 30 Ind.App. 286, 65 N.E. 1055. The City of Hammond was sued for failure to keep one of its streets in repair. The question presented to the trial court was whether the street was owned by the city. The trial court found that the street was owned by the city due to its implied acceptance of the road by years of public use. "Later cases are all to the effect that user [sic] by the public will amount to an implied acceptance, and cast the burden of maintaining the highway upon the local government, and that the acceptance of the dedication will be implied from the general use by the public as of right." *Id.* Therefore, once accepted, the County has the burden of maintaining the road.

Although the trial court relied on and the County points to *Oak Shores Property Owners v. Com'rs* (1990), Ind.App., 564 N.E.2d 319, that decision is not relevant to this case. In *Oak Shores*, the county had approved the plat for the Oak Shores Subdivision. The developer of the subdivision contracted for the roads to be built. The contractor posted its performance bond of $100,000.00 but failed to construct the roads. The county filed suit against the surety on the bond. The case settled for $40,000.00. Thereafter, the homeowners' association sued the county requesting that

---

1. "Highway" is defined in Article 17, County Roads–Administration and Maintenance, as including highways, roads, streets, bridges, tunnels, and approaches. IND.CODE § 8–17–1–1.2 (1990 Supp.).

the county be mandated *to construct* the roads and cul-de-sacs. The county was granted summary judgment. This Court affirmed the trial court's decision holding that while the county has the power to open *new* roads, it is not obliged to do so.

In this case, the Gotshalls are not requesting the County to construct a new road; they are asking for maintenance of the county road. In fact, the Court in *Oak Shores*, in *dicta*, stated that a duty to maintain and repair county highways is placed on the county when the county has accepted the highway in question. *Id.* at 320.

It has already been established that the County accepted Murphy Road as a county highway. Therefore, the County has the duty to maintain Murphy Road. The County fails to present any argument as to why it should not be held accountable for maintenance of Murphy Road, only arguing that Murphy Road was never accepted. The trial court is reversed.

Reversed.

GARRARD and SHARPNACK, JJ., concur.