**CASS COUNTY, Indiana, Appellant–Defendant,**

v.

**Raymond P. GOTSHALL and Betty J. Gotshall, Appellees–Plaintiffs.**

No. 09A05–9607–CV–264.

Court of Appeals of Indiana.

June 10, 1997.

228

John R. Hillis, Hillis & Hillis, Logansport, for appellant.

Robert Leirer Justice, Logansport, for appellees.

## OPINION

SHARPNACK, Chief Judge.

Cass County ("county") appeals the trial court's order finding it in contempt and awarding attorney fees totaling $500. The county raises four issues for our review, which we consolidate and restate as follows:

(1) whether the supreme court's subsequent disapproval of our opinion which held that the county had a duty to maintain Murphy Road affects the law of the case;

(2) whether the evidence was sufficient to support the finding that the county had improved Murphy Road; and

(3) whether the evidence was sufficient to support the contempt order and the award of attorney fees.

We affirm in part and reverse in part.

The facts are essentially undisputed. On September 10, 1990, Raymond and Betty Gotshall (collectively "Gotshall") filed an ac-

tion against the county, requesting the Cass Circuit Court to declare that Murphy Road was a public road and to order the county to maintain it as a county highway. On July 26, 1991, the trial court ruled that Murphy Road was a public road but that the county was not obligated to care for, repair, and maintain it. Gotshall appealed to this court, and, on June 10, 1992, we held that the county had a duty to maintain Murphy Road. *Gotshall v. Cass County*, 593 N.E.2d 210, 212 (Ind.Ct.App. 1992), *trans. denied.* In 1994, the supreme court issued an opinion in another case which specifically disapproved of our holding in *Gotshall. See Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 163 n. 11 (Ind.1994), *reh'g denied.*

On January 16, 1996, Gotshall filed a request for rule to show cause as to why the county should not be held in contempt. In the request, Gotshall alleged in part that:

"[s]ince 1994 the County has failed and refused to maintain Murphy Road. Since October 1, 1995, there have been several heavy snowfalls. Cass County employees have plowed the roads near Murphy Road but have failed and refused to plow Murphy Road at all. Nor has Murphy Road been graded or graveled since 1994.

... On May 23, 1995, and again on about September 21, 1995, [counsel for Gotshall] called this situation to the attention of John Hillis, Cass County Attorney, but no adequate explanation or excuse has been offered."

Record, pp. 7–8. On January 18, 1996, the trial court issued a rule to show cause, finding that Gotshall established a *prima facie* case of contempt. As a result, the trial court ordered the county to appear for a hearing, which was subsequently held on February 29, 1996.

On March 18, 1996, the trial court found the county to be in contempt and ordered it to pay attorney fees of $500. The trial court stated in part as follows:

"3. From and after June 10, 1992, Cass County undertook to maintain Murphy Road as an improved road by hauling gravel and by plowing. The County continued to so maintain Murphy Road until the

Indiana Supreme Court handed down *Estate of Reasor v. Putnam County*, (1994), 635 N.E.2d 153 wherein it declined to follow [the] Court of Appeals' *Gotshall* decision.

4. During the time Murphy Road was being maintained as a public road, and before the *Reasor* case, *supra*, the right of way of Murphy Road was excavated in order to install utilities, and then was restored.

5. The decision in *Gotshall, supra* was treated as *the law of the case* by Cass County until the *Reasor* decision was handed down in 1994, whereupon the said Defendant chose to treat *Reasor* as *res judicata*, and ceased maintenance of Murphy Road.

6. The doctrine of the *law of the case* 'is a discretionary rule of practice, and expresses the practice of courts generally to refuse to reopen what has previously been decided.' *Otte v. Otte*, (1995), 655 N.E.2d 76, 83. Given the Supreme Court's specific disapproval of *Gotshall* in a footnote reference, a revisit of the *Gotshall* case might be deemed an appropriate exercise of the inherent discretion of a court to review its own prior decisions....

7. In the *Reasor* decision, the Indiana Supreme Court declared, 'We therefore hold, as the statutory scheme requires, that a County has no duty to maintain a highway that it has accepted until it has improved that highway and that highway has therefore become part of the county highway system. (FN11).' After September 2, 1992, when the Indiana Supreme Court denied the County's Petition to Transfer, Cass County, in compliance with the *law of the case*, hauled gravel and plowed Murphy Road. Cass County was under a clear duty to follow the law as handed down by the Indiana Court of Appeals, reinforced by the Indiana Supreme Court's denial of transfer. Thus, Cass County has improved Murphy Road, albeit reluctantly, and Murphy Road under the *Reasor, supra*, standard has 'become part of the county highway system.'

Therefore, it can be said that even by applying the facts to the decision in *Rea-

*sor*, the law now requires that Cass County maintain Murphy Road (now known as Gotshall Road.)"

Record, pp. 43–44. The county now appeals.

## I.

The first issue raised for our review is whether the disapproval of *Gotshall* by the supreme court in *Reasor* terminated the county's obligation to maintain Murphy Road. The resolution of this issue turns on whether *Reasor* altered the law of the case. Under the law of the case doctrine, an appellate court's determination of a legal issue is binding in subsequent appeals given the same case and substantially the same facts. *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989); *Cha v. Warnick*, 476 N.E.2d 109, 114 (Ind.1985), *reh'g denied, cert. denied*, 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257. All issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Indiana Farm Gas Production Co. v. Southern Ind. Gas & Elec. Co.*, 662 N.E.2d 977, 981 (Ind.Ct.App.1996). Even if the judgment is erroneous, it nevertheless becomes the law of the case and thereafter binds the parties unless successfully challenged on appeal. *Landowners v. City of Fort Wayne*, 622 N.E.2d 548, 549 (Ind.Ct.App.1993); *reh'g denied, trans. denied*. The doctrine is based upon the policy that once an issue is litigated and decided, "that should be the end of the matter." *Lewis*, 543 N.E.2d at 1118 (citation omitted).

The law of the case doctrine is a discretionary rule of practice and expresses the practice of the courts generally to refuse to reopen what has previously been decided. *Id.* Although a court has the power to revisit prior decisions of its own or of a coordinate court, as a rule, courts should be loathe to do so in the absence of extraordinary circumstances. *Id.*

In *Gotshall*, we initially affirmed the trial court's finding that there was an implied dedication of Murphy Road to the public and that there was an implied acceptance of the dedication by the public's use of the road for 100 years. *Gotshall*, 593 N.E.2d at 211. Next, relying on *City of Hammond v. Maher*, 30 Ind.App. 286, 65 N.E. 1055 (1903), we held

that once the county impliedly accepted the road, it had the burden to maintain it. *Id.* "[Use] by the public will amount to an implied acceptance, and cast the burden of maintaining the highway upon the local government, and that the acceptance of the dedication will be implied from the general use by the public as of right." *Id.* Therefore, because it had already been established that the county accepted Murphy Road as a county highway, we concluded that the county had a duty to maintain it. *Id.* at 212.

The county asserts that *Reasor* establishes the law of the case which governs its duty to maintain Murphy Road. In *Reasor,* the supreme court considered whether Putnam County had a duty to maintain a county road. Reasor argued that Putnam County should maintain the road at twenty-four feet pursuant to a county ordinance. In rejecting this position, the supreme court held that "a county has no duty to maintain a highway that it has accepted until it has improved that highway and that highway has therefore become part of the county highway system." *Reasor,* 635 N.E.2d at 163. In a footnote, the court added:

> "We disapprove, therefore, [*Gotshall*] in which the Court of Appeals at the very least implied that once it had accepted a road, Cass County had a duty to maintain it. [*Gotshall,* 593 N.E.2d at 212.] To reiterate, there is no statutory duty to maintain a road until a county itself has improved the road. By statute, it is the act of improvement by a county that makes a road part of the county highway system and that triggers the statutory obligation of maintenance."

*Id.* at n. 11. The county relies upon the language in this footnote to support its contention that it no longer has a duty to maintain Murphy Road. We disagree.

The holding in *Reasor* does not affect the law of the case as to the county's obligation to maintain Murphy Road. That issue was decided and appealed in 1992. Even if our determination was erroneous, it remains the law of the case. *See Landowners,* 622 N.E.2d at 551. Therefore, the county still has a duty to maintain the road.

In rendering this decision, we recognize that because the supreme court specifically disapproved *Gotshall,* the case no longer has precedential value. In *Reasor,* the supreme court set forth a new rule of law regarding when a county becomes obligated to maintain a county road. Again, the rule is that the duty to maintain a road is not triggered unless the county has improved the road. *Reasor,* 635 N.E.2d at 163. Although this rule is contrary to the rule pronounced in *Gotshall,* it is applicable only to future cases and not to cases already decided. *See State v. Mileff,* 520 N.E.2d 123, 126 (Ind.Ct.App. 1988) (holding that pursuant to the doctrine of *stare decisis,* "when a court has once laid down a principle of law as applicable to a certain set of facts, it will adhere to that principle and apply it to all future cases where the facts are substantially the same"). In other words, the county may not rely upon a new rule of law to alter our holding in a case previously decided. Accordingly, we are not persuaded by the county's assertion that the opinion in *Reasor* terminated its obligation to maintain Murphy Road.

## II.

The second issue raised by the county is whether the evidence was sufficient to support the trial court's finding that it "improved" Murphy Road, thereby triggering the maintenance provision under *Reasor.* However, we need not resolve this issue. Based upon our finding that the law of the case requires the county to maintain Murphy Road, we find the trial court's consideration of whether the *Reasor* rule has been satisfied such that it imposed a duty on the county to maintain Murphy Road to be unnecessary.

## III.

The third issue raised by the county is whether the evidence was sufficient to support the contempt order and the attorney fee award. In its order, the trial court stated that "Cass County is directed to resume maintenance of [Murphy] Road, and to pay Plaintiff's attorney fee in the sum of $500.00 for the enforcement of the Order hereinbefore entered." Record, p. 44. After reviewing the record, we cannot agree with the trial

court's statement that it was enforcing an "Order hereinbefore entered." From our review of the record, we cannot find a court order requiring the county to maintain the road and, therefore, we find that issuance of contempt for violating such an order was erroneous.

■ Pursuant to statute, "[e]very person who shall be · guilty of ... any order lawfully issued by any court of record .... after the same shall have been served upon him, shall be guilty of an indirect contempt of the court from which such ... order shall have issued." Ind.Code § 34–4–7–3. A civil contempt is a violation of a court order resulting in a proceeding for the benefit of the aggrieved party. *National Educ. Ass'n v. South Bend Community Sch. Corp.*, 655 N.E.2d 516, 522 (Ind.Ct.App.1995). The primary objective of a civil contempt proceeding is not to punish the defendant, but to coerce action for the benefit of the aggrieved party. *Id.* It is axiomatic that the existence of a court order precedes the finding of contempt of that order.

In the original order in this case, the trial court found that Murphy Road constituted a public road, but held that the county did not have a duty to maintain it. In *Gotshall,* 593 N.E.2d at 212, this court reversed the trial court's conclusion that the county's mere acceptance of Murphy Road as a public road did not obligate the county to maintain it. In reversing, we stated, "[i]t has already been established that the County accepted Murphy Road as a county highway. Therefore, the County has the duty to maintain Murphy Road.... The trial court is reversed." *Id.* Although we reversed, we did not remand to the trial court to take further action. We did not direct the trial court to enter an order obligating the county to maintain Murphy Road, which is permissible under the appellate rules. *See* Ind. Appellate Rule 15(N)(6). Nor did we remand without particular instructions to the trial court, in which case the court may have exercised its discretion as to the further course of proceedings. *See Smith v. Law,* 7 Ind. 578 (1856). The chronological case summary ("CCS") entries closest in date to June 10, 1992, the date that *Gotshall* was handed down, indicate only that this court certified a copy of the opinion; the CCS does not demonstrate that the trial court took action in accordance with the opinion.

Based upon the law of the case doctrine, the county was under a legal duty to maintain the road. However, as there existed no court order requiring the county to maintain the road, the county could not be held in contempt for failing to do so. *See* I.C. § 34–4–7–3. Accordingly, we hold that the trial court erroneously found that the county was in contempt of a court order and erroneously awarded attorney fees. As a result, the contempt order and the attorney fee award are reversed.

As a final matter of clarification, we note that the reversal of the contempt and attorney fee award does not change our holding in part I of this opinion that the county is under a duty to maintain Murphy Road under the law of the case doctrine. Further, the county is subject to being ordered to do what the law of the case requires. In fact, on March 18, 1996, the trial court directed the county to "resume maintenance" of the road. Record, p. 44. Therefore, as of March 18, 1996, the county was under court order to maintain Murphy Road and any future violations of the trial court order may subject the county to contempt proceedings.[1]

Affirmed in part and reversed in part.

RUCKER and GARRARD, JJ. concur.

---

1. Without a supporting argument, Gotshall requests appellate attorney fees and costs. Under Ind. Appellate Rule 15(G), we may assess damages in favor of the appellee not to exceed 10% of the judgment if we affirm the judgment on appeal. Under App. R. 15(H), when we affirm in part and reverse in part "costs shall be awarded as the court may deem right following, as nearly as possible, the general regulation for awarding costs."

We deny Gotshall's request for two reasons. First, we did not affirm the judgment in its

entirety. Second, a strong showing is required to justify an award of fees and costs. *Orr v. Turco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind.1987). Fees and costs are generally proper when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Id.* In this case, the county's appeal raised valid and reasonable questions of law.