*802 SULLIVAN, Justice.
Under the circumstances of this case, the trial court ordered a custodial parent to make child support payments to the non-custodial parent based on the court’s reading of the Indiana Child Support Guidelines. We hold that there is a rebut-table presumption that a custodial parent is not required to make child support payments under these circumstances but that a trial court has authority to deviate from that presumption in accordance with the Indiana Child Support Rules and Guidelines.
Background
The marriage of Tina Grant and Gregory Hager was dissolved in April 2003. They were granted joint legal custody of their two children, with Grant receiving primary physical custody. Hager was ordered to pay $108[1] per week in child support, consistent with the Indiana Child Support Guidelines promulgated by this Court for use by Indiana judges in making child-support determinations.
In April 2005, Hager filed a petition to modify child support. At a hearing on his petition, Hager submitted a Child Support Obligation Worksheet prepared in accordance with the Guidelines. The worksheet was based on Grant’s annual earnings of $105,724 and Hager’s annual earnings of $55,935. These figures showed combined total weekly adjusted income of $3,109, with Grant earning 65.4% and Hager earning 34.6% of that amount. The calculations set forth in the Guidelines produced a total weekly child support obligation for both parents of $517.00. Based on their relative incomes under the Guidelines before any credits, Grant would be responsible for $338 (65.4%) and Hager would be responsible for $179 (34.6%).
Under the Guidelines, a Parenting Time Credit is authorized based upon the number of overnights a child or children spend with the non-custodial parent. Ind. Child Support Guideline 6 cmt. After the dissolution here, the children had spent approximately 156 overnights per year with Hag-er, which gave him 43% of the parenting time. Hager also provided $55 per week in health insurance premiums attributable to the children. The trial court determined Hager’s parenting time produced a Parenting Time Credit for Hager of $216. This amount, when added to Hager’s $55 credit for health insurance premiums, produced a total credit of $271, which exceeded Hager’s $179 share of the weekly support by $92.
The trial court recognized that Grant was the primary custodial parent but concluded that the Guidelines produced a “negative credit” and required modification of the support order. Accordingly, the trial court entered a judgment modifying child support and ordered Grant, the custodial parent, to pay child support to Hager, the non-custodial parent, in the amount of $92 per week. The parties were also to share certain other child-related expenses for extra-curricular activities in the same proportion as their incomes.
Grant appealed. Although she did not contest the trial court’s application of the Child Support Obligation Worksheet or calculation of Hager’s Parenting Time Credit, Grant argued that because the worksheet after credits produced a negative child support obligation for Hager, the Court of Appeals should terminate child support altogether. Basically, Grant contended that the Guidelines cannot result in *803 a custodial parent paying support to the non-custodial parent. The Court of Appeals agreed and reversed the trial court’s award of child support payable to Hager and remanded with instructions to order that neither party owes the other support under their respective current incomes and their shared parenting time arrangement. Grant v. Hager, 853 N.E.2d 167, 174 (Ind. Ct.App.2006). We grant transfer. Ind. Appellate Rule 58(A).
Discussion
The Court of Appeals concluded that the Guidelines do not permit the application of the Parenting Time Credit in a manner that requires a custodial parent to pay child support to a non-custodial parent. Grant, 853 N.E.2d at 174. Specifically, the Court of Appeals examined the Guidelines and their accompanying commentary and found that they supported this interpretation, including the repeated references to the payment of child support running from the non-custodial parent to the custodial parent, id. at 173; the fact that there are no references in the Guidelines or commentary involving support payments from the custodial parent to the non-custodial parent, id.; and the crediting language of Guideline 3(G)(4) (The “court may grant the noncustodial parent a credit toward his or her weekly child support obligation ... based upon the calculation from a Parenting Time Credit Worksheet .... ”), id. (citation omitted). The Court of Appeals was correct in its interpretation of the Guidelines in this regard.
We also agree with the following observation made by the Court of Appeals as to the policies implicated by this question:
There are advantages and disadvantages to allowing child support payments to run from a custodial to a noncustodial parent. On the one hand, to do so encourages a noncustodial parent to participate more in his or her children’s lives following divorce, and it results in more similar living environments for children when they go from one parent’s home to the other’s. On the other hand, it also has the potential to increase custody disputes by providing an incentive for a custodial parent to fight shared parenting time, and it takes money from the custodial parent, thereby reducing the likelihood that he or she will be able to provide a home more similar to that which the children would have enjoyed had the marriage remained intact. Where a matter is scheduled for regular review, however, these and other concerns are best addressed by the judicial committees charged with that review rather than by this Court.
Id. at 175.
Although we agree with the Court of Appeals that the Guidelines do not authorize “the payment of child support from a custodial to a noncustodial parent,” id. at 174, that does not automatically render the trial court’s resolution of this matter invalid. Ind. Child Support Rule 2 provides that:
In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded.
As such, there is a rebuttable presumption that neither party owes the other support under their respective current incomes and their shared parenting time arrangement. However, Child. Supp. R. 3 provides:
If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion.
*804 Given this deviation authority, a court could order a custodial parent to pay child support to a non-eustodial parent based on their respective incomes and parenting time arrangements if the court had concluded that it would be unjust not to do so and the court had made the written finding mandated by Child. Supp. R. 3. The dissolution court’s conclusion here may very well be supportable on this basis but the court did not make the required findings here, apparently believing instead that the Guidelines themselves authorized it to order Grant to pay child support to Hager. We remand this matter to the dissolution court for reconsideration in accordance with the principles enunciated in this decision.
Conclusion
The judgment of the trial court is reversed. This case is remanded to the trial court for further consideration.
SHEPARD, C.J., and RUCKER, J., concur.
BOEHM, J., dissents with a separate opinion in which DICKSON, J., concurs.

. All numbers are rounded to the nearest dollar.