Tina N. GRANT, Appellant–
Respondent,

v.

Gregory M. HAGER, Appellee–
Petitioner.

No. 82A01–0708–CV–379.

Court of Appeals of Indiana.

Jan. 24, 2008.

Timothy J. Hambidge, Olsen, White & Hambidge, LLP, Evansville, IN, Attorney for Appellant.

John P. Brinson, Evansville, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Respondent, Tina N. Grant (Mother), appeals the trial court's Order that she pay child support to Appellee–Petitioner, Gregory M. Hager (Father).

We affirm.

## ISSUES

Mother raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by not holding a hearing prior to entering findings of fact and a judgment on remand; and

(2) Whether the trial court abused its discretion by not relying on appropriate facts when concluding that the Father had rebutted the presumptive child support obligations as calculated by using the Indiana Child Support Guidelines.

## FACTS AND PROCEDURAL HISTORY

We adopt the statement of facts as set forth in the Indiana supreme court's decision in *Grant v. Hager,* 868 N.E.2d 801 (Ind.2007), which reads as follows:

The marriage of [Mother] and [Father] was dissolved in April 2003. They were granted joint legal custody of their two children, with [Mother] receiving primary physical custody. [Father] was ordered to pay $108 per week in child support, consistent with the Indiana Child Support Guidelines [ (the Guidelines) ] promulgated by this [c]ourt for use by Indiana judges in making child-support determinations.

In April 2005, [Father] filed a petition to modify child support. At a hearing on his petition, [Father] submitted a Child Support Obligation Worksheet prepared in accordance with the Guidelines. The worksheet was based on [Mother's] annual earnings of $105,724 and [Father's] annual earnings of $55,935. These figures showed combined total weekly adjusted income of $3,109, with [Mother] earning 65.4% and [Father] earning 34.6% of that amount. The calculations set forth in the Guidelines produced a total weekly child support obligation for both parents of $517.00. Based on their relative incomes under the Guidelines before any credits, [Mother] would be responsible for $338 (65.4%) and [Father] would be responsible for $179 (34.6%).

Under the Guidelines, a Parenting Time Credit is authorized based upon the number of overnights a child or children spend with the non-custodial parent. After the dissolution here, the children had spent approximately 156 overnights per year with [Father], which gave him 43% of the parenting time. [Father] also provided $55 per week in health insurance premiums attributable to the children. The trial court determined [Father's] parenting time produced a Parenting Time Credit for [Father] of $216. This amount, when added to [Father's] $55 credit for health insurance premiums, produced a total credit of $271, which exceeded [Father's] $179 share of the weekly support by $92.

The trial court recognized that [Mother] was the primary custodial parent but concluded that the Guidelines produced a "negative credit" and required modification of the support order. Accordingly, the trial court entered a judgment modifying child support and ordered [Mother], the custodial parent, to pay child support to [Father], the non-custodial parent, in the amount of $92 per week. The parties were also to share certain other child-related expenses for extra-curricular activities in the same proportion as their incomes.

[Mother] appealed. Although she did not contest the trial court's application of the Child Support Obligation Worksheet or calculation of [Father's] Parenting Time Credit, [Mother] argues that because the worksheet after credits produced a negative child support obligation for [Father], the [c]ourt of [a]ppeals should terminate child support altogeth-

er. Basically, [Mother] contended that the Guidelines cannot result in a custodial parent paying support to the noncustodial parent. The [c]ourt of [a]ppeals agreed and reversed the trial court's award of child support payable to [Father] and remanded with instructions to order that neither party owes the other support under their respective current incomes and their shared parenting time arrangement. . . .

*Id.* at 802–03 (footnotes omitted).

On transfer, our supreme court stated:

Although we agree with the [c]ourt of [a]ppeals that the Guidelines do not authorize "the payment of child support from a custodial to a non[ ]custodial parent," that does not automatically render the trial court's resolution of this matter invalid. Ind. Child Support Rule 2 provides that:

In any proceeding for the award of child support there shall be a rebuttable presumption that the amount of the award which would result from the application of the . . . Guidelines is the correct amount of child support to be awarded.

As such, there is a rebuttable presumption that neither party owes the other support under their respective current incomes and their shared parenting time arrangement. However, Child Supp. R. 3 provides:

If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion.

*Id.* at 803. The supreme court remanded the matter to the trial court for "reconsideration in accordance with the principles enunciated" in their decision. *Id.* at 804.

On remand, the trial court issued the following Order:

1. In April 2005, [ ] Father herein filed a petition to modify child support;

2. At a hearing on the petition the evidence was uncontroverted that: a) [ ] Mother's annual earnings were $105,724; b) [ ] Father's annual earnings were $55,935; c) there were two children born of the marriage; d) [ ] Father exercised 156 overnights per year; e) [ ] Father paid $55 per week for the children's health insurance premiums; and f) primary physical custody was with [ ] Mother although the parents enjoyed joint legal custody of the children;

3. The child support obligation worksheet agreed to by the parties produced a total credit to [ ] Father of $271 which exceeded [ ] Father's $172 share of weekly support by $92;

4. The court acknowledges its authority to "deviate" from the child support guidelines as stated in Guideline 1[,] "flexibility versus [sic] the rebuttable presumption" and Guideline 3(F) and its commentary;

5. The court therefore finds, pursuant to the reasons stated above, that the presumptive amount of support calculated under the Guidelines has been rebutted and that it [sic] would be unjust not to order child support without giving [ ] Father full credit for his actual overnights and his payment of health insurance premiums which credits result in a negative child support order;

6. Therefore, pursuant to these findings and the Indiana supreme court opinion as referenced above [sic], the court strikes its minute[s] of [October 15, 2006] and reinstates, retroactively its Order of [Septem-

ber 6, 2005] awarding child support payable by [ ] Mother to [ ] Father in the amount of $92 per week[.] (Appellant's App. pp. 39–40).

Mother now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. Absence of a Hearing on Remand

■ Mother contends the trial court abused its discretion by ordering her to pay child support to Father, the non-custodial parent, without holding a hearing on remand. The trial court had held a hearing and made a final order on Father's petition to modify child support in 2005, but our supreme court reversed the judgment of the trial court and "remanded to the trial court for further consideration." *Grant*, 868 N.E.2d at 804. No instructions were given with respect to holding a hearing on remand. When no instructions are given to a trial court on remand the course of further proceedings is within the discretion of the trial court. *Cass County v. Gotshall*, 681 N.E.2d 227, 231 (Ind.Ct.App. 1997). Moreover, pursuant to Ind. Appellate Rule 66(D), a court "shall direct that [f]inal [j]udgment be entered or that error be corrected without a new trial or hearing unless this relief is impracticable or unfair to any of the parties or is otherwise improper."

Here, we find no need for a subsequent hearing on remand. First, neither party requested a hearing. Second, and perhaps most importantly, the parties litigated the issues completely prior to Mother's initial appeal. Further, Mother has not suggested how the relief provided by the trial court's Order is impracticable or unfair. Thus, we conclude that the trial court's entry of findings on remand without an additional hearing did not abuse the trial court's discretion.

#### II. Reliance on Appropriate Facts

■ Mother also argues that the trial court's order is an abuse of discretion because it is without factual basis. Specifically, Mother contends that the order is "devoid of any explanation or detail other than the disparity of income" between Mother and Father. (Appellant's Brief p. 5).

■ We must acknowledge that determinations of child support obligations are within the trial court's discretion and will not be set aside unless clearly erroneous. *Cubel v. Cubel*, 876 N.E.2d 1117, 1119 (Ind. 2007). In reviewing the trial court's order, we find it apparent that the trial court followed the principles enunciated by our supreme court in *Grant*:

> [A] court could order a custodial parent to pay child support to a noncustodial parent *based on their respective incomes and parenting time arrangements* if the court had concluded that it would be unjust not to do so and the court had made the written finding mandated by Child. Supp R. 3.

*Grant*, 868 N.E.2d at 804 (emphasis added). The trial court relied upon the respective incomes of the parents, parenting time arrangements and relevant payments being made by the parents to support its determination that it "would be unjust not to order child support without giving [Father] full credit for his actual overnights and his payment of health insurance premiums." (Appellant's App. p.p. 39–40). Thus, we conclude that the trial court has not abused its discretion by ordering that the Mother make child support payments to the Father.[1]

1. In addition, Father requests that we find Mother's appeal to be frivolous or in bad faith

and award attorney's fees plus costs pursuant to App. R. 66(E). Although we do not hold

## CONCLUSION

Based on the foregoing, we find the trial court did not abuse its discretion by not holding an additional hearing prior entering findings of fact and a judgment on remand, or by awarding child support to Father, the non-custodial parent.

Affirmed.

KIRSCH, J., and MAY, J., concur.

for Mother, we do not find her arguments to be frivolous or in bad faith. Thus, we deny Father's request that we order Mother to pay his attorney's fees plus costs for responding to this appeal.